1

2

3

4

5

6

7

8

9

10                **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN FRANCISCO DIVISION**

13  WYLENE LENA HINKLE and DENNIS          **Case No. 3:18-cv-06430-MMC**
    GASSAWAY, on behalf of themselves and all
14  others similarly situated, and THE         **[~~PROPOSED~~] ORDER GRANTING**
    CALIFORNIA COUNCIL OF THE BLIND (a         **PRELIMINARY APPROVAL OF CLASS**
15  California nonprofit corporation),          **ACTION SETTLEMENT, CERTIFYING**
                                               **SETTLEMENT CLASS, APPROVING**
16  Plaintiffs,                                **NOTICE, AND SETTING DATES FOR**
                                               **FINAL APPROVAL**
17  v.
                                               Date:      December 13, 2024
18  MICHELLE BAASS, in her capacity as         Time:      9:00 a.m.
    Director of California Department of Health  Place:     Courtroom 7 – 19th Floor
19  Care Services; CALIFORNIA                   Judge:     Hon. Maxine M. Chesney
    DEPARTMENT OF HEALTH CARE
20  SERVICES; CONTRA COSTA COUNTY;
    COUNTY OF ALAMEDA; COUNTY OF
21  SAN DIEGO;

22  Defendants.

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2        Before the Court is the Parties' Joint Motion for Preliminary Approval of Class Action

3    Settlement. Plaintiffs Wylene Lena Hinkle ("Hinkle"), Dennis Gassaway ("Gassaway"), and the

4    California Council of the Blind (collectively "Plaintiffs") filed this action against Defendants,

5    alleging that Defendants were violating federal and state laws by failing to provide effective

6    communication to Plaintiffs and similarly situated Blind[1] Medi-Cal consumers.  Following

7    extensive negotiations that took place over several years, the Parties have reached a proposed

8    Class Settlement Agreement (the "Agreement"), which, the Parties state, is in the best interest of

9    all Parties and satisfies the requirements of Federal Rule of Civil Procedure 23.  Among other

10   things, the Agreement establishes system-wide processes for: (1) identifying people who request

11   written materials in an alternative format and maintaining this information in a centralized

12   database; (2) exchanging this data among the California Department of Health Care Services

13   ("DHCS"), counties, managed care plans, and other partners and contractors that provide written

14   materials as part of the Medi-Cal program; (3) sending timely and accessible notices in the

15   requested alternative format within a reasonable timeframe; (4) providing information and

16   instructions to counties and managed care plans regarding their obligations to provide effective

17   communication to Blind and visually-impaired individuals; and (5) collecting and reviewing

18   information sufficient to assure DHCS that counties and managed care plans are furnishing

19   effective communications to Blind and visually-impaired individuals.

20       The Parties now ask that the Court enter an order (1) granting preliminary approval of the

21   Agreement; (2) provisionally certifying the proposed Settlement Class and appointing Plaintiffs'

22   attorneys as class counsel, pending final approval; (3) approving the Parties' proposed form of

23   notice and directing notice to the class; and (4) setting deadlines for providing notice and for

24   submitting objections, as well as a date for a final fairness hearing.

25

26       [1] "Blind" is defined in the Agreement as including all persons who, under state or federal
     civil rights laws, have a vision-related disability that limits the major life activity of seeing, and
27   require alternative methods to access standard print information. Any reference to applicants or
     beneficiaries also includes Blind individuals who are representing or otherwise assisting a Medi-
28   Cal applicant or beneficiary.

1        Having presided over the proceedings in the above-captioned action and having reviewed

2   all of the arguments, pleadings, records, and papers on file, as well as having considered the oral

3   argument made at the hearing conducted December 13, 2024, the Court finds as follows.

4   **II.    FINDINGS**

5        Plaintiffs allege that the DHCS, its Director in her official capacity, and County

6   Defendants fail to provide effective communication to Blind and visually-impaired Medi-Cal

7   consumers in violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 et

8   seq.); section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794); section 1557 of the

9   Affordable Care Act (42 U.S.C. § 18116); section 11135 of the California Government Code; the

10  California Disabled Persons Act (Cal. Civ. Code, § 54); and the Due Process Clause of the

11  Fourteenth Amendment of the U.S. Constitution. Compl., ECF No. 1.  Defendants deny these

12  allegations.  Answer of Defendants DHCS and DHCS's Director, ECF No. 23; Answer of County

13  Defendants, ECF No. 24.

14       **A.    Whether the Settlement Class meets the requirements of Rule 23(a) and**

15            **(b)(2) of the Federal Rules of Civil Procedure**

16       To grant preliminary approval, a court determines whether the proposed class is proper

17  for settlement purposes, and, if so, preliminarily certifies the class.  If a class has not yet been

18  certified, the Court may conditionally certify a settlement class in conjunction with the

19  preliminary approval.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  To

20  support class certification, the court must find each of Rule 23(a)'s four requirements has been

21  satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.

22  *See id*. at 614.  In addition to these requirements, "parties seeking class certification must show

23  that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Id.*  The applicable provision

24  here is subsection (2), which "permits class actions for declaratory or injunctive relief where 'the

25  party opposing the class has acted or refused to act on grounds generally applicable to the class.'"

26  *Id.* (quoting Fed. R. Civ. P. 23(b)(2)).

27  / / /

28  / / /

1    Here, the proposed class for the purpose of settlement ("Settlement Class") is defined as:

2    
3    Individuals in the State of California who are applicants or beneficiaries of Medi-Cal and who need written materials regarding Medi-Cal in an Alternative Format due to a vision-related disability.

4    Agreement § III.D; X(A).

5    The Court preliminarily finds the proposed Settlement Class meets the requirements of

6    Rule 23(a) and Rule 23(b)(2), as discussed below, and it is hereby certified pending final

7    approval.

8          1.    <u>Whether the Settlement Class is Sufficiently Numerous</u>

9    Rule 23(a) requires that a settlement class be "so numerous that joinder of all members is

10   impracticable." Fed. R. Civ. P. 23(a)(1). Available data indicates that at least 150,000

11   individuals meet the class definition.[2] Joinder of all 150,000 members in a single proceeding

12   would appear to be impracticable, and the Court preliminarily finds that the proposed Settlement

13   Class is sufficiently numerous.

14         2.    <u>Whether the Settlement Class Satisfies Commonality</u>

15   The second element of Rule 23(a) requires the existence of "questions of law or fact

16   common to the class." Fed. R. Civ. P. 23(a)(2). A plaintiff may meet the commonality

17   requirement by raising "a single common question" of fact or law. *Wal-Mart Stores, Inc. v.*

18   *Duke*, 564 U.S. 338, 359 (2011) (internal quotation, alteration, and citation omitted). The critical

19   question is whether class members have suffered the same injury, such that their claims "depend

20   upon a common contention . . . that is capable of classwide resolution." *Id.* at 350.

21   Plaintiffs challenge Defendants' alleged system-wide policies and practices that, Plaintiffs

22   state, apply to every member of the proposed Settlement Class, namely, failing to ensure

23   

24   
25   [2] Nearly 15 million people have been certified as eligible for Medi-Cal services in the State of California. Medi-Cal at a Glance, California Department of Health Care Services (July 2023), https://www.dhcs.ca.gov/dataandstats/statistics/Documents/Medi-Cal-at-a-Glance-Julne2024.pdf
26   (last visited November 11, 2024). The rate of blindness in California is 1.14% according to the Center for Disease Control. Prevalence Estimates – Vision Loss and Blindness, *available at*
27   https://www.cdc.gov/visionhealth/vehss/project/index.html (last visited November 7, 2024).
28   Applying the 1.14% figure to 14,855,440 million people enrolled in Medi-Cal shows that approximately 169,352 enrolled Medi-Cal recipients are blind.

1  Effective Communication is provided to Blind and visually-impaired participants in the Medi-

2  Cal program.  This includes: Defendants' alleged failure to have a system-wide process for

3  determining if Plaintiffs and other similarly situated individuals need information in alternative

4  formats that are accessible to them; Defendants' alleged failure to have adequate policies and

5  procedures in place for consistently over time providing Plaintiffs and other similarly situated

6  individuals with information in their requested alternative format; Defendants' alleged failure to

7  take the necessary steps to share information and coordinate the provision of information to

8  Plaintiffs and other similarly situated individuals in their requested alternative format; and

9  Defendants' alleged failure to take adequate steps to inform Plaintiffs and other similarly situated

10  individuals of their right to receive information in alternative formats and of the process for

11  obtaining information in alternative formats.  Compl., ECF No. 1, ¶¶ 40-41.

12         Insofar as Settlement Class Members differ in their access needs or in the extent to which

13  they may have been harmed by Defendants' policies, these dissimilarities do not appear to

14  impede classwide resolution as, where, as here, a complaint is based on "a deficient government

15  policy or program, not [an] individual harm," no individualized inquiry is necessary.  *Smith v.*

16  *City of Oakland*,  339 F.R.D. 131, 140 (N.D. Cal. 2021).  In the instant case, it appears that each

17  Settlement Class Member is similarly impacted by Defendants' statewide policies and procedures

18  and that the legality of these actions and inactions is a question "capable of classwide

19  resolution."  *Wal-Mart*, 564 U.S. at 350.

20         The Court preliminary finds that there are questions of law and fact common to the

21  Settlement Class.

22              3.    <u>Whether Plaintiffs' Claims are Typical of the Settlement Class</u>

23         The third element of Rule 23(a) requires that the claims of the representative parties be

24  typical of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  Rule 23(a)'s typicality requirement is

25  met so long as the named plaintiffs' claims are "'reasonably coextensive with those of absent

26  class members; they need not be substantially identical.'"  *Parsons v. Ryan*, 754 F.3d 657, 685

27  (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

28         Plaintiffs assert injuries attributable to the same course of conduct:  Defendants' alleged

1  failure to ensure that Blind and visually-impaired Medi-Cal consumers are provided effective

2  communication.  Though the extent of their asserted injuries may differ, Plaintiffs allege that

3  *every* class member is affected by this same course of conduct.  The legal theories that Plaintiffs

4  would have relied on to redress this harm apply equally to each member of the proposed

5  Settlement Class.

6         The Court preliminarily finds that Plaintiffs' claims are typical of the claims of the

7  Settlement Class they seek to represent for the purpose of settlement.

8              4.       Whether Plaintiffs and Class Counsel are Adequate Representatives

9         The final element of Rule 23(a) requires that the representative parties will "fairly and

10  adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  A settlement class is

11  adequately represented so long as "the named plaintiffs and their counsel [do not] have any

12  conflicts of interest with other class members, and . . . [will] prosecute the action vigorously on

13  behalf of the class." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

14         Here, no conflict appears to exist between Plaintiffs and other Settlement Class Members.

15  The Agreement provides the same injunctive relief for Plaintiffs and every member of the

16  proposed Settlement Class.  Also, Plaintiffs' counsel is experienced in litigating class actions and

17  impact cases involving disability rights violations, including other class actions challenging

18  government policies and actions on behalf of individuals with sensory disabilities.

19         Thus, the Court preliminarily finds that Plaintiffs Hinkle, Gassaway, and California

20  Council of the Blind have fairly and adequately represented the interests of the Settlement Class

21  and will continue to do so.  Accordingly, the Court will conditionally appoint Plaintiffs Hinkle,

22  Gassaway, and California Council of the Blind as representatives of the Settlement Class.  The

23  Court further will conditionally appoint Plaintiffs' counsel, Disability Rights Advocates,

24  Disability Rights Education and Defense Fund, and Disability Rights California, as Class

25  Counsel.

26              5.       Whether the Settlement Class Satisfies Rule 23(b)(2)

27         Rule 23(b)(2) requires a showing that the defendant "has acted or refused to act on

28  grounds that apply generally to the class, so that final injunctive relief or corresponding

1  declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

2  Here, Plaintiffs challenge Defendants' policies and practices that Plaintiffs state are

3  applicable to all Settlement Class Members and seek injunctive relief.  The Agreement appears

4  to provide benefits to all Settlement Class Members.  Furthermore, the Agreement does not

5  release Settlement Class Members' potential claims for monetary damages.  Agreement § IX.

6  Accordingly, the Court preliminary finds that the proposed Settlement Class satisfies

7  Rule 23(b)(2) and provisional certification will be granted pending final approval.

8  **B.    Whether the Agreement is Fair, Reasonable, and Adequate**

9  At the preliminary approval stage, a court considers the following factors: (1) whether the

10  class has been adequately represented; (2) whether the proposed settlement was negotiated at

11  arm's length; (3) whether the relief provided for the class is adequate, taking into account the

12  costs, risks, and delay of trial and appeal and the terms of any proposed award of attorneys' fees;

13  and (4) whether the proposal treats class members equitably relative to one another.  *See*

14  Fed. R. Civ. P. 23(e)(2); *see also Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012)

15  (listing factors considered in the Ninth Circuit).  Having considered these factors and having

16  examined the settlement process for signs of collusion, the Court, as discussed below, finds it

17  appropriate to preliminarily approve the Agreement.

18  1.    Whether Plaintiffs and their Counsel Have Adequately Represented the

19  Settlement Class

20  In determining whether a class has been adequately represented, courts consider the same

21  "adequacy of representation" questions that are relevant to class certification.  *See In re MyFord*

22  *Touch Consumer Litig.*, No. 13-cv-03072-EMC, 2019 WL 1411510, at *5 (N.D. Cal. Mar. 28,

23  2019).

24  Here, Plaintiffs and their counsel do not appear to have any conflicts of interest with

25  other Settlement Class Members and appear to have vigorously prosecuted the action.  Having

26  reviewed the Agreement and all submissions, the Court preliminarily finds that Plaintiffs and

27  their counsel have adequately represented the Settlement Class and further finds this factor

28  weighs in favor of preliminary approval.

1

2.      <u>Whether the Agreement was Negotiated at Arm's Length</u>

2

The Agreement is the product of several years of negotiations, including multiple

3

settlement conferences before a private mediator and Judge Jacqueline Corley.  As the Advisory

4

Committee has recognized, "the involvement of a neutral or court-affiliated mediator or

5

facilitator . . . may bear on whether [negotiations] were conducted in a manner that would protect

6

and further the class interests."  Advisory Committee Notes to 2018 Amendments, Fed. R. Civ.

7

P. 23(e)(2).  Furthermore, the parties did not negotiate attorneys' fees and costs until agreement

8

was reached on the remainder of the settlement.

9

Accordingly, the Court preliminarily finds that the Agreement was negotiated at arm's

10

length and further finds this factor weighs in favor of preliminary approval.

11

3.      <u>Whether the Agreement Provides Adequate Relief to Plaintiffs and the</u>

12

<u>Settlement Class</u>

13

Rule 23(e)(2)(C) requires courts to consider whether "the relief provided for the class is

14

adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the

15

effectiveness of any proposed method of distributing relief to the class, including the method of

16

processing class-member claims; (iii) the terms of any proposed award of attorney's fees,

17

including timing of payments; and (iv) any agreement required to be identified under Rule

18

23(e)(3)."  Fed. R. Civ. P. 23(e)(2)(C).

19

Here, the Parties have shown that the Agreement addresses the issues that led Plaintiffs to

20

file this lawsuit, and that, if implemented, the terms of the Agreement are likely to resolve those

21

issues.  Additionally, Plaintiffs state that, in deciding whether to enter into the Agreement,

22

Plaintiffs considered the possibility that Defendants would prevail in the litigation, and the case

23

would end with no benefits to the class; there is no guarantee that Plaintiffs would prevail, and

24

any litigated result would require significant time and resources.  Plaintiffs also state they

25

considered that the settlement would provide benefits—such as the opportunity to review and

26

comment on relevant external communications and participate in user testing and feedback—that

27

they believe would enhance the prospective relief.  Agreement § IV.E & Exhibit B.

28

Subject to this Court's approval, Defendants have agreed to pay Plaintiffs' counsel

1    $1,550,000 to cover all attorneys' fees and costs, including those that will be incurred in

2    monitoring implementation of the Agreement. Agreement § VIII.  This term was negotiated after

3    all substantive settlement terms pertaining to injunctive relief had been resolved, and the total

4    amounts to a significant reduction of Plaintiffs' lodestar.

5           Accordingly, the Court preliminarily finds that the Agreement provides adequate relief

6    and that this factor weighs in favor of preliminary approval.

7                  4.    Whether the Agreement Treats All Settlement Class Members Equitably

8           Under the Agreement, all Settlement Class Members, both named and unnamed, will

9    receive the same benefits in the form of injunctive relief. Agreement § IV.  Furthermore,

10   Settlement Class Members will not release any potential claims for monetary damages. *Id*. § IX.

11   The Plaintiffs will not receive an incentive payment or any benefit not afforded to non-party

12   Settlement Class Members.

13          Accordingly, the Court preliminarily finds the Agreement treats Plaintiffs and all other

14   Settlement Class Members equitably relative to each other and that this factor weighs in favor of

15   preliminary approval.

16          **C.    The Parties' Proposed Class Notice is Approved**

17          Notice to a settlement class certified under Rule 23(b)(2) is within the Court's discretion.

18   Fed. R. Civ. P. 23(c)(2)(A).  "Notice provided pursuant to Rule 23(e) must 'generally describe[ ]

19   the terms of the settlement in sufficient detail to alert those with adverse viewpoints to

20   investigate and to come forward and be heard.'"  *Lane*, 696 F.3d at 826 (quoting *Rodriguez v. W.*

21   *Pub'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009) (alteration in original)).

22          The Court finds that the Parties' proposed form of notice meets this standard and

23   complies with the Northern District's Procedural Guidance For Class Action Settlements.  The

24   notice, attached as Exhibit 1 to the Supplemental Declaration of Autumn M. Elliott, filed

25   December 19, 2024, apprises Settlement Class Members in a fair and neutral way of the

26   existence of the Agreement and their rights with respect to the Agreement.  The Class Notice is

27   written using plain language and, as is set forth in the Agreement, "will be available in English,

28   Spanish and other threshold languages, as defined by paragraph (3) of subdivision (a) of Section

1   1810.410 of Title 9 of the California Code of Regulations."  Agreement § X(B).  Also, as

2   provided in the Agreement, the Class Notice, upon request, "will be available in Alternative

3   Formats, unless DHCS reasonably determines that providing the Class Notice in the requested

4   format is unduly burdensome pursuant to 28 C.F.R.

5   § 35.164."  *Id.*  The Parties will provide notice to the Settlement Class by posting the Class

6   Notice on the websites of the California Council of the Blind, DHCS, Disability Rights

7   California, Disability Rights Education and Defense Fund, and Disability Rights Advocates,

8   along with information as to how to request a copy of the notice.  Additionally, DHCS will

9   include a short form of the Notice in its next quarterly mailing after the Court grants Preliminary

10  Approval of the Settlement Agreement.

11          The Court preliminarily finds that the distribution of the Class Notice in the manner and

12  form set forth in the Agreement meets the requirements of due process and Federal Rules of

13  Civil Procedure 23(c)(2) and 23(e) and is the best notice practicable under the circumstances.

14  The Class Notice is approved as to form and the Court adopts the Parties' proposed distribution

15  plan.

16  **III.    ORDER**

17          NOW THEREFORE, IT IS HEREBY ORDERED:

18          1.      Unless otherwise stated, the terms in this Order have the meaning set forth in the

19  Agreement.

20          2.      The Court hereby conditionally certifies the proposed Settlement Class pursuant

21  to Federal Rules of Civil Procedure 23(a) and 23(b)(2).

22          3.      The Court hereby conditionally appoints Hinkle, Gassaway, and the California

23  Council of the Blind as Settlement Class representatives, and conditionally appoints Disability

24  Rights Advocates, Disability Rights California, and Disability Rights Education and Defense

25  Fund, Plaintiffs' attorneys of record, as Class Counsel.

26          4.      The Court hereby grants preliminary approval of the terms and conditions

27  contained in the Agreement, attached as Exhibit 1 to the Declaration of Autumn Elliott in

28  Support of the Parties' Joint Motion for Preliminary Approval.

1    5.    The Agreement appears fair and warrants the dissemination of notice to the

2    Settlement Class Members apprising them of the settlement.

3    6.    The Court hereby approves, as to form and content, the proposed Class Notice,

4    attached as Exhibit 1 to the Supplemental Declaration of Autumn M. Elliott.

5    7.    The Class Notice shall be disseminated to the Settlement Class in the form

6    attached as Exhibit 1 to the Supplemental Declaration of Autumn M. Elliott.  No later than

7    February 28, 2025, the Class Notice shall be posted on the websites of the California Council of

8    the Blind, DHCS, Disability Rights California, Disability Rights Education and Defense Fund,

9    and Disability Rights Advocates, along with information as to how to request a copy of the

10   notice.

11   8.    DHCS shall include a short form of the Notice in its next quarterly mailing to all

12   Medi-Cal beneficiaries after the Court grants Preliminary Approval of the Settlement Agreement,

13   which quarterly mailing shall take place no later than February 28, 2025.

14   9.    DHCS shall ensure that the Notice will be available in English, Spanish and other

15   threshold languages as defined by paragraph (3) of subdivision (a) of Section 1810.410 of Title 9

16   of the California Code of Regulations.  Upon request, the Notice shall be available in Alternative

17   Formats, unless DHCS reasonably determines that providing the Notice in the requested format

18   is unduly burdensome pursuant to 28 C.F.R. § 35.164.  If DHCS determines a particular request

19   is unduly burdensome, counsel must meet and confer before presenting the matter to the Court.

20   10.    Counsel for both Parties shall submit declarations to the Court as part of the

21   Parties' Motion for Final Approval of the Class Action Settlement confirming compliance with

22   the notice provisions of the Agreement.  In addition, if DHCS determines, after engaging in the

23   above-described meet and confer process, that providing the Class Notice in a requested

24   alternative format is unduly burdensome, it will report any such determinations to the Court and

25   explain why the request was unduly burdensome.

26   11.    Any Settlement Class Member or legal representative of a Settlement Class

27   Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement

28

1    Agreement, or to the fees and costs allocated for Class Counsel, must submit an Objection no

2    later than April 4, 2025.

3        a)    Objections shall include:

4            i)    If the Objector is a class member, their name and the primary county

5                where they receive Medi-Cal services;

6            ii)    If the Objection is submitted by the legal representative of a class member,

7                the legal representative's name, the class member's name, and the primary

8                county where the class member receives Medi-Cal services;

9            iii)    The reason for objecting to the Settlement Agreement;

10            iv)    A statement explaining whether the Objection applies to the entire

11                Settlement Class, applies only to a specific group of people within the

12                Settlement Class, or applies only to the Objector (or the class member on

13                whose behalf the Objection is being submitted); and

14            v)    A statement whether the Objector or their legal representative wishes to

15                speak at the Final Fairness Hearing.

16        b)    Objections must be submitted in one of the following methods:

17            i)    Written Objections may be submitted in person at the U.S. District Court

18                for the Northern District of California or by U.S. Mail.  If submitted by

19                U.S. Mail, Objections must be postmarked no later than April 4, 2025.

20                The date of the postmark on the envelope containing the written statement

21                objecting to the Settlement shall be the exclusive means used to determine

22                whether a written Objection and/or intention to appear has been timely

23                submitted, except, in the event a postmark is illegible, the date of the

24                mailing shall be deemed to be five days prior to the date that the copy of

25                the Objection was received;

26            ii)    Via the online form available on Disability Rights California's website, or

27            iii)    By leaving a voicemail at a dedicated phone line to be established by

28                Disability Rights California.

1      12.    Settlement Class Members or legal representatives thereof who have submitted a

2 timely Objection that includes a statement of intent to be heard at the hearing may also appear

3 and present their objections at the Fairness Hearing.  Any Settlement Class Member who fails to

4 timely submit an Objection shall be deemed to have waived any objections and shall be

5 foreclosed from objecting to the Agreement, unless otherwise ordered by the Court.

6      13.    Class Counsel and counsel for Defendants shall respond to any timely filed

7 Objections in conjunction with their Motion for Final Approval of the Class Action Settlement.

8      14.    Plaintiffs will file their Motion for Attorneys' Fees and Costs no later than

9 February 28, 2025.

10      15.    A hearing is appropriate to consider whether this Court should grant final

11 approval of the Settlement Agreement, and to allow adequate time for Settlement Class

12 Members, or their legal representatives, to support or oppose this settlement.

13      16.    A Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure

14 to determine whether the Agreement is fair, reasonable, and adequate, and whether it should be

15 finally approved by the Court, shall be held before the undersigned on May 9, 2025, at 9:00 a.m.

16      17.    The Parties shall file their Joint Motion for Final Approval of Settlement no later

17 than April 25, 2025.

18      18.    If for any reason the Court does not grant the Motion for Final Approval of

19 Settlement, the proposed Settlement Agreement and all evidence and proceedings in connection

20 therewith shall be null and void.

21      19.    The Court enjoins all Settlement Class Members from asserting any claims to be

22 released by the Agreement until the date of the Fairness Hearing.

23

24 **IT IS SO ORDERED.**

25

26 Dated: December 20, 2024

27 Honorable Maxine M. Chesney
    United States District Judge

28