1

2

3

4

5

6

7

8

9

10 **UNITED STATES DISTRICT COURT**

11 **NORTHERN DISTRICT OF CALIFORNIA**

12 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13   WYLENE LENA HINKLE and DENNIS GASSAWAY, on behalf of themselves and all | **Case No. 3:18-cv-06430-MMC** |
| 14   others similarly situated, and THE CALIFORNIA COUNCIL OF THE BLIND (a | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION** |
| 15   California nonprofit corporation), | **SETTLEMENT AND CERTIFYING SETTLEMENT CLASS; GRANTING** |
| 16   Plaintiffs, | **PLAINTIFFS' MOTION FOR AWARD OF REASONABLE ATTORNEYS' FEES AND** |
| 17   v. | **COSTS** |
| 18   MICHELLE BAASS, in her capacity as Director of California Department of Health | Date:     October 3, 2025 |
| 19   Care Services; CALIFORNIA DEPARTMENT OF HEALTH CARE | Time:     9:00 a.m. Place:    Courtroom 7 – 19th Floor |
| 20   SERVICES; CONTRA COSTA COUNTY; COUNTY OF ALAMEDA; COUNTY OF | Judge:   Hon. Maxine M. Chesney |
| 21   SAN DIEGO; | |
| 22   Defendants. | |

23

24

25

26

27

28

802727.1

*Hinkle, et al. v. Baass et al.*, Case No. 3:18-cv-06430-MMC
[Proposed] Order Granting Final Approval of Class Settlement          i

## I.    INTRODUCTION

Before the Court is the Parties' Joint Motion for Final Approval of Class Action Settlement.  Plaintiffs Wylene Lena Hinkle, Dennis Gassaway, and the California Council of the Blind (collectively "Plaintiffs") filed this action against Defendants, alleging that Defendants were violating federal and state laws by failing to provide effective communication to Plaintiffs and similarly situated Blind[1] Medi-Cal consumers.  Following extensive negotiations that took place over several years, the Parties have reached a proposed Class Settlement Agreement (the "Agreement"), which, the Parties state, is in the best interest of all Parties and satisfies the requirements of Federal Rule of Civil Procedure 23.  Among other things, the Agreement establishes system-wide processes for: (1) identifying people who request written materials in an alternative format  and maintaining this information in a centralized database; (2) exchanging this data among DHCS, counties, managed care plans, and other partners and contractors that provide written materials as part of the Medi-Cal program; (3) sending timely and accessible notices in the requested alternative format within a reasonable timeframe; (4) providing information and instructions to counties and managed care plans regarding their obligations to provide effective communication to Blind and visually-impaired individuals; and (5) collecting and reviewing information sufficient to assure DHCS that counties and managed care plans are furnishing effective communications to Blind and visually-impaired individuals.

On December 20, 2024, this Court (a) conditionally certified the Settlement Class, appointed Plaintiffs as Settlement Class representatives, and appointed Disability Rights California, Disability Rights Advocates, and Disability Rights Education and Defense Fund as Class Counsel; (b) granted preliminary approval of the terms and conditions contained in the Agreement; (c) found that the proposed Agreement appeared to be fair and warranted the dissemination of notice to the Settlement Class; (d) approved the proposed Class Notice, revised as directed by the Court; (e) approved the plan for providing notice to the Settlement Class; and

---

[1] "Blind" includes all persons who, under state or federal civil rights laws, have a vision-related disability that limits the major life activity of seeing, and require alternative methods to access standard print information.  Any reference to applicants or beneficiaries also includes Blind individuals who are representing or otherwise assisting a Medi-Cal applicant or beneficiary.

802727.1

*Hinkle, et al. v. Baass  et al.*, Case No. 3:18-cv-06430-MMC
**[Proposed] Order Granting Final Approval of Class Settlement**                                          1

1    (f) scheduled a Fairness Hearing.[2]  ECF No. 88 (Order Granting Prelim. Approval).

2       The Parties now ask that the Court enter an order (1) certifying the proposed Settlement

3 Class and appointing Plaintiffs as Settlement Class Representatives and Plaintiffs' counsel as

4 Class Counsel; (2) granting final approval of the Agreement (ECF No. 83-3); and (3) retaining

5 jurisdiction during the term of the Agreement for the purpose of enforcement thereof.

6       Having presided over the proceedings in the above-captioned action and having reviewed

7 all of the arguments, pleadings, records, and papers on file, as well as having considered the oral

8 argument made at the hearing conducted October 3, 2025, this Court finds as follows.

9   **II.**    **FINDINGS**

10       At final approval, the Court "determines that notice to the class members was

11 accomplished in the manner prescribed by the settlement and as approved by the Court at the

12 preliminary approval stage." *Cancilla v. Ecolab, Inc.*, No. 12-cv-03001-JD, 2016 WL 54113, at

13 *3 (N.D. Cal. Jan. 5, 2016).  The Court also analyzes whether it should confirm final certification

14 of any class preliminarily certified for settlement. *See Rosado v. Ebay Inc*., No. 5:12-cv-04005-

15 EJD, 2016 WL 3401987, at *1 (N.D. Cal. June 21, 2016).  Finally, "[h]aving already completed

16 a preliminary examination of the agreement, the court reviews it again, mindful that the law

17 favors the compromise and settlement of class action suits." *Id*.  The Court should "reach a

18 reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion

19 between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and

20 adequate to all concerned." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San*

21 *Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  Ultimately, "the decision to approve or reject a

22 settlement is committed to the sound discretion of the trial judge because he is exposed to the

23 litigants and their strategies, positions, and proof." *Hanlon v. Chrysler Corp*., 150 F.3d 1011,

24 1026 (9th Cir. 1998) (internal quotation and citation omitted).

25

26

27   [2] The Court initially scheduled the Fairness Hearing for May 9, 2025, but subsequently rescheduled the hearing to June 27, 2025, per a joint stipulation by the Parties.  ECF 92 (Order

28 Granting Stip. to Reschedule).  Thereafter, by order filed June 26, 2025, the Court continued the hearing to October 3, 2025.  ECF 103.

*802727.1*

*Hinkle, et al. v. Baass  et al.*, **Case No. 3:18-cv-06430-MMC**
**[Proposed] Order Granting Final Approval of Class Settlement**    **2**

1

## A.  Notice Was Effectuated to the Settlement Class.

2    Class Counsel created and maintained Class Notice websites where the Class Notice was

3 posted from at least April 1, 2025, to the present.  Elliott Decl. Supp. Final Approval ("Elliott FA

4 Decl.") ¶¶ 4-5; 8-9; Elliott Decl. Second Supp. Final Approval ("Elliott Second FA Decl.") ¶¶ 2,

5 5; Leach-Proffer Decl. Final Approval ¶ 4; Leach-Proffer Decl. Second Supp. Final Approval

6 ¶ 4; Parks Decl. Final Approval ¶ 5; Parks Decl. Supp. Final Approval ¶¶ 3-4; Yee Decl. Final

7 Approval ¶ 5; Yee Decl. Supp. Final Approval ¶¶ 3-5.  Class Counsel responded to Settlement

8 Class Members' requests for information and clarification.  Elliott FA Decl. ¶¶ 15-48; Elliott

9 Second FA Decl. ¶¶ 11-35.  The California Council of the Blind posted the Class Notice on its

10 website from at least March 30, 2025, to the present.  Robles Decl. Supp. Final Approval ¶¶ 3-4;

11 Elliott Second FA Decl. ¶ 6.  Starting in late March 2025, DHCS mailed the short form of the

12 Class Notice in English and Spanish to all households receiving Medi-Cal services.  Harris Decl.

13 Final Approval ("Harris FA Decl.") ¶ 4; Harris Decl. Supp. Final Approval ("Harris Supp. FA

14 Decl.") ¶¶ 6-8.  DHCS also posted the Class Notice on its website from at least April 1, 2025,

15 through the present.  Harris FA Decl ¶ 3; Harris Supp. FA Decl. ¶ 3.

16    This Court finds that the Parties distributed notice to the Settlement Class in a manner

17 sufficient "to alert those with adverse viewpoints to investigate and to come forward and be

18 heard," *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotations omitted),

19 and in a manner and form that meets the requirements of due process and Federal Rules of Civil

20 Procedure 23(c)(2) and 23(e).  Every household receiving Medi-Cal services was mailed the

21 short form of the Class Notice and all had access to Class Counsel's and DHCS's webpages

22 regarding the settlement.

23    ## A.    The Settlement Class meets the requirements of Rule 23(a) and (b)(2) of the

24        Federal Rules of Civil Procedure

25    The Court now confirms its previous determination that each of the requirements of Rule

26 23(a) and 23(b)(2) for class certification is satisfied for the purposes of the proposed Agreement

27 and Settlement Class.  See ECF No. 88 at 3–7.

28    To support class certification, a court must find each of Rule 23(a)'s four requirements

802727.1

---

*Hinkle, et al. v. Baass  et al.*, Case No. 3:18-cv-06430-MMC
**[Proposed] Order Granting Final Approval of Class Settlement**                                3

1    has been satisfied: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of

2    representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  In addition to these

3    requirements, "parties seeking class certification must show that the action is maintainable under

4    Rule 23(b)(1), (2), or (3)." *Id.* at 614.  The applicable provision here is subsection (2), which

5    "permits class actions for declaratory or injunctive relief where 'the party opposing the class has

6    acted or refused to act on grounds generally applicable to the class.'" *Id.* (quoting Fed. R. Civ. P.

7    23(b)(2)).

8            Here, the conditionally certified Settlement Class, as stipulated by the Parties, is defined

9    as:

10               Individuals in the State of California who are applicants or
                 beneficiaries of Medi-Cal and who need written materials regarding
11               Medi-Cal in an Alternative Format due to a vision-related disability.

12   Agreement § III.D; X(A).

13           The Court now finds that the Settlement Class meets the requirements of Rule 23(a) and

14   Rule 23(b)(2), as discussed below, and it is hereby certified.

15               1.    The Settlement Class is Sufficiently Numerous

16           Rule 23(a) requires that a settlement class be "so numerous that joinder of all members is

17   impracticable." Fed. R. Civ. P. 23(a)(1).  Available data indicates that at least 44,700 individuals

18   meet the class definition.[3]  Joinder of all 44,700 members in a single proceeding would be

19

20   _____

     [3] Nearly 15 million people have been certified as eligible for Medi-Cal services in the State of
21   California. Medi-Cal at a Glance, California Department of Health Care Services (Apr. 2025),
     https://www.dhcs.ca.gov/dataandstats/statistics/Documents/Medi-Cal-at-a-Glance-
22   January2025.pdf(last visited May 20, 2025).  The rate of blindness in California is 0.3%
     according to the Center for Disease Control. Prevalence of Blindness, by major age groups,
23   *available at* https://ddt-
     vehss.cdc.gov/LP?Level1=Vision+Problems+and+Blindness&Level2=Vision+Loss+and+Blindn
24   ess&Level3=VEHSS+Prevalence+Estimate:+Visual+Acuity+Loss&Level4=Prevalence+of+Blin
     dness+(%E2%89%A420/200+Best+Corrected)&LocationId=06&DataSourceId=PREV&GSData
25   SourceId=PREV&GSLocationId=06&RiskFactorSubCatId=&IndicatorId=QBM~RVUSB&Sho
     wFootnotes=true&View=StateMap&CompareViewYear=1&CompareId=&CompareId2=&YearI
26   d=YR9&ResponseId=RVUSB&AgeId=AGEALL&GenderId=GALL&RaceId=ALLRACE&Ris
     kFactorId=RFPERS&RiskFactorResponseId=RFTOT&DataValueTypeId=ADJPREV&MapClas
27   sifierId=quantile&MapClassifierCount=4&CountyFlag=Y (last visited May 20, 2025).  Applying
     the 0.3% figure to 14,907,754 people enrolled in Medi-Cal shows that a minimum of around
28   44,723 enrolled Medi-Cal recipients are blind.

     802727.1

1  impracticable, and the Court confirms its finding that the Settlement Class is sufficiently

2  numerous.

3          2.      The Settlement Class Satisfies Commonality

4          The second element of Rule 23(a) requires the existence of "questions of law or fact

5  common to the class." Fed. R. Civ. P. 23(a)(2).  Plaintiffs may meet the commonality

6  requirement by raising "a single common question" of fact or law.  *Wal-Mart Stores, Inc. v.*

7  *Dukes*, 564 U.S. 338, 359 (2011) (internal quotation, citation, and alteration omitted).  The

8  critical question is whether class members have suffered the same injury, such that their claims

9  "depend upon a common contention" that "is capable of classwide resolution." *Id.* at 350.

10         Plaintiffs challenged Defendants' alleged system-wide policies and practices that apply to

11  every member of the proposed Settlement Class, namely failing to ensure Effective

12  Communication is provided to Blind and visually-impaired participants in the Medi-Cal

13  program.  This includes: Defendants' alleged failure to have a system-wide process for

14  determining if Plaintiffs and other similarly situated individuals need information in alternative

15  formats that are accessible to them; Defendants' alleged failure to have adequate policies and

16  procedures in place for consistently over time providing Plaintiffs and other similarly situated

17  individuals with information in their requested alternative format; Defendants' alleged failure to

18  take the necessary steps to share information and coordinate the provision of information to

19  Plaintiffs and other similarly situated individuals in their requested alternative format; and

20  Defendants' alleged failure to take adequate steps to inform Plaintiffs and other similarly situated

21  individuals of their right to receive information in alternative formats and of the process for

22  obtaining information in alternative formats.  Compl., ECF No. 1, ¶¶ 40-41.

23         Insofar as Settlement Class Members differ in their access needs or in the extent to which

24  they may have been harmed by Defendants policies, these dissimilarities do not impede

25  classwide resolution.  *Wal-Mart*, 564 U.S. at 350.  Where plaintiffs challenge "a deficient

26  government policy or program, not [an] individual harm," no individualized inquiry is necessary.

27  *Smith v. City of Oakland*, 339 F.R.D. 131, 140 (N.D. Cal. 2021).  Here, each Settlement Class

28  Member is similarly impacted by Defendants' statewide policies and procedures, and the legality

802727.1

1    of these actions and inactions is a question "capable of classwide resolution." *Wal-Mart*, 564

2    U.S. at 350.

3         The Court confirms its finding that there are questions of law and fact common to the

4    Settlement Class.

5              3.    <u>Plaintiffs' Claims are Typical of the Settlement Class.</u>

6         The third element of Rule 23(a) requires that the claims of the representative parties be

7    typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Rule 23(a)'s typicality requirement is

8    met so long as the named plaintiffs' claims are "reasonably coextensive with those of absent

9    class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

10        Plaintiffs assert injuries attributable to the same alleged course of conduct: Defendants'

11   failure to ensure that Blind and visually-impaired Medi-Cal consumers are provided effective

12   communication.  Though the extent of their claimed injuries may differ, Plaintiffs allege that

13   *every* class member is affected by this same course of conduct.  The legal theories that Plaintiffs

14   would have relied on to redress this harm apply, according to Plaintiffs, equally to each member

15   of the proposed Settlement Class, and the relief Plaintiffs have achieved will benefit that class as

16   a whole.

17        The Court confirms its finding that Plaintiffs' claims are typical of the claims of the

18   Settlement Class that they seek to represent for the purpose of settlement.

19              4.    <u>Plaintiffs and Class Counsel are Adequate Representatives.</u>

20        The final element of Rule 23(a) requires that "the representative parties will fairly and

21   adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The Settlement Class is

22   adequately represented so long as "the named plaintiffs and their counsel [do not] have any

23   conflicts of interest with other class members, and . . . will . . . prosecute the action vigorously on

24   behalf of the class."  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000), as

25   amended (June 19, 2000).

26        Here, no conflict appears to exist between Plaintiffs and other Settlement Class Members.

27   The Agreement provides the same injunctive relief for Plaintiffs and every member of the

28   proposed Settlement Class.  Also, Plaintiffs' counsel is experienced in litigating class actions and

802727.1

1   impact cases involving disability rights violations including other class actions challenging

2   government policies and actions on behalf of individuals with sensory disabilities.

3       Thus, the Court finds that Plaintiffs Hinkle, Gassaway, and California Council of the

4   Blind have fairly and adequately represented the interest of the Settlement Class and will

5   continue to do so.  Accordingly, the Court hereby appoints Plaintiffs Hinkle, Gassaway, and

6   California Council of the Blind as representatives of the Settlement Class.  The Court further

7   appoints Plaintiffs' counsel, Disability Rights Advocates, Disability Rights Education and

8   Defense Fund, and Disability Rights California, as Class Counsel.

9                   5.    The Settlement Class Satisfies Rule 23(b)(2).

10      Rule 23(b)(2) requires a showing that the defendant "has acted or refused to act on

11  grounds that apply generally to the class, so that final injunctive relief or corresponding

12  declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

13      Here, Plaintiffs challenge Defendants' policies and practices applicable to all Settlement

14  Class Members and seek injunctive relief.  The Agreement will benefit all Settlement Class

15  Members. Among other improvements, every Settlement Class Member will be able to request

16  and receive Written Materials in their preferred Alternative Format across all components of the

17  Medi-Cal system.  *See* Agreement § IV(A)-(E) and Implementation Plan. Defendants will have

18  new systems and policies to identify people who have requested Alternative Formats, will

19  maintain this information in a centralized database, will ensure the exchange of this data among

20  different components of the Medi-Cal system, will send timely and accessible notices in an

21  individual's requested Alternative Format, will provide guidance to counties and managed care

22  plans, and will monitor these entities to ensure that Blind Medi-Cal consumers are provided

23  effective communication.  *Id*.  Furthermore, the Agreement does not release Settlement Class

24  Members' potential claims for monetary damages. *See* Agreement § IX.

25      The Court finds that the Settlement Class satisfies Rule 23(b)(2).  Thus, certification is

26  granted.

27      **B.    The Settlement Agreement is Fair, Reasonable, and Adequate**

28      In making a final fairness determination, Rule 23 requires courts to consider: (1) whether

802727.1

---

*Hinkle, et al. v. Baass  et al.*, Case No. 3:18-cv-06430-MMC
**[Proposed] Order Granting Final Approval of Class Settlement**                    7

1   the class was adequately represented; (2) whether the proposed settlement was negotiated at

2   arm's length; (3) whether the relief provided for the class is adequate, taking into account the

3   costs, risks, and delay of trial and appeal and the terms of any proposed award of attorneys' fees;

4   and (4) whether the proposal treats class members equitably relative to one another.  Fed. R. Civ.

5   P. 23(e)(1)(B), 23(e)(2); *see also Lane*, 696 F.3d at 819 (listing *Hanlon* factors considered in the

6   Ninth Circuit).  Having considered these factors and having examined the settlement process for

7   signs of collusion, the Court, as discussed below, finds that the Settlement Agreement is fair,

8   reasonable, and adequate.

9           1.    Plaintiffs and their Counsel Have Adequately Represented the Settlement

10                Class.

11          In determining whether a class has been adequately represented, courts consider the same

12  "adequacy of representation" questions that are relevant to class certification.  *See In re MyFord*

13  *Touch Consumer Litig*., No. 13-cv-03072-EMC, 2019 WL 1411510, at *8 (N.D. Cal. Mar. 28,

14  2019).

15          Here, Plaintiffs and their counsel do not appear to have any conflicts of interest with

16  other Settlement Class Members and appear to have vigorously prosecuted the action.  Having

17  reviewed the Agreement and all submissions, the Court finds that Plaintiffs and their counsel

18  have adequately represented the Settlement Class and that this factor weighs in favor of final

19  approval.

20          2.    The Proposed Settlement was Negotiated at Arm's Length.

21          The Court finds that the Agreement was negotiated at arm's length.  While no

22  presumption of fairness attaches to settlements achieved through arms-length negotiations, *see*

23  *Roes, 1–2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019), such negotiations do

24  weigh in favor of approval, *see* Fed. R. Civ. P. 23(e)(2)(B).[4]  The Agreement is the product of

25

26  ---

    [4] The considerations encompassed by revised Rule 23(e)(b)(2)(A)–(B) "overlap with certain
27  *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery
    completed, and the stage of proceedings."  *In re Extreme Networks, Inc. Sec. Litig*., No. 15-cv-
28  04883-BLF, 2019 WL 3290770, at *7 (N.D. Cal. July 22, 2019) (citing *Hanlon*, 150 F.3d at
    1026).

    802727.1

1    over five years of arms' length negotiations, including multiple settlement conferences before a

2    private mediator and Judge Jacqueline Corley, numerous settlement meetings between the

3    Parties, and many written proposals exchanged.  ECF Nos. 35, 39, 48, 57-68 (Min. Entries re

4    Settlement Confs.).  As the Advisory Committee has recognized, "the involvement of a neutral

5    or court-affiliated mediator or facilitator . . . may bear on whether [negotiations] were conducted

6    in a manner that would protect and further the class interests."  Advisory Committee Notes to

7    2018 Amendments, Fed. R. Civ. P. 23(e)(2).  Furthermore, Plaintiffs' counsel did not negotiate

8    attorneys' fees and costs until agreement was reached on the remainder of the settlement.  The

9    Court finds that the Agreement is the product of "serious, informed, non-collusive negotiations"

10   conducted by experienced counsel over an "extended period of time."  *In re Tableware Antitrust*

11   *Litig.*, 484 F. Supp. 2d 1078, 1079–80 (N.D. Cal. 2007).

12            This factor weighs in favor of final approval.

13                     3.        The Proposed Agreement Provides Adequate Relief to Plaintiffs and the

14                               Settlement Class

15            Rule 23(e)(2)(C) requires courts to consider whether "the relief provided for the class is

16   adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the

17   effectiveness of any proposed method of distributing relief to the class, including the method of

18   processing class-member claims; (iii) the terms of any proposed award of attorney's fees,

19   including timing of payments; and (iv) any agreement required to be identified under Rule

20   23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

21            Here, the Parties have shown that the Agreement addresses the issues that led Plaintiffs to

22   file this lawsuit.  Medi-Cal applicants and recipients who are Blind or visually-impaired will be

23   able to request and receive Written Materials in their preferred Alternative Format across all

24   components of the Medi-Cal system. Agreement § IV; Implementation Plan. Defendants will

25   have new systems and policies to identify people who have requested Alternative Formats, to

26   maintain this information in a centralized database, to exchange this data among different

27   components of the Medi-Cal system, to send timely and accessible notices in the requested

28   Alternative Format, to provide guidance to counties and managed care plans, and to monitor

802727.1

*Hinkle, et al. v. Baass  et al.*, Case No. 3:18-cv-06430-MMC
**[Proposed] Order Granting Final Approval of Class Settlement**                                    **9**

1    these entities to ensure that Blind and visually-impaired Medi-Cal consumers are provided

2    Effective Communication. *Id*.  Once implemented, these changes will resolve the problems that

3    led to the lawsuit.

4         Additionally, Plaintiffs state that in deciding whether to agree to this settlement, Plaintiffs

5    considered the possibility that Defendants would prevail in the litigation, and the case would end

6    with no benefits to the class; there is no guarantee that Plaintiffs would prevail, and any litigated

7    result would require significant time and resources for the Court to resolve these disputes.

8    Plaintiffs also state that they considered the fact that the settlement provided additional

9    benefits—such as the opportunity to review and comment on relevant external communications

10   and participate in user testing and feedback—that they believe would greatly enhance the

11   prospective relief. Agreement § IV.E & Exhibit B.

12        Subject to this Court's approval, Defendants have agreed to pay Plaintiffs' counsel

13   $1,550,000 to cover all attorneys' fees and costs, including those incurred for monitoring

14   implementation of the Agreement. Agreement § VIII.  This term was negotiated after all

15   substantive settlement terms pertaining to injunctive relief had been resolved, and the total

16   reflects a significant reduction to Plaintiffs' lodestar, and constitutes a fair and reasonable sum.

17        The Court finds that all relevant factors weigh in favor of final approval.

18              4.    The Parties' Agreement Treats All Settlement Class Members Equitably

19        "The Court must next examine whether the Settlement Agreement provides preferential

20   treatment to any class member." *Uschold v. NSMG Shared Servs., LLC*, 333 F.R.D. 157, 170

21   (N.D. Cal. 2019) (internal quotation and citation omitted).  The Court finds that all Settlement

22   Class Members, both named and unnamed, will be treated equitably and will receive the same

23   benefits in the form of injunctive relief. Agreement § IV.  Furthermore, Settlement Class

24   Members will not release any potential claims for monetary damages. *Id*. § IX.  The Plaintiffs

25   will not receive an incentive payment or any benefits that are not afforded to non-party

26   Settlement Class Members.  Because the Proposed Agreement treats Plaintiffs and all other

27   Settlement Class Members equitably relative to each other, the Court finds that this factor weighs

28   in favor of final approval.

802727.1

**C.    All Objections to the Settlement Are Overruled**

The Court finds that any objections to the Settlement Agreement from any Settlement Class Members were either not substantive, did not state grounds for objection with sufficient specificity as required by Federal Rule of Civil Procedure 23(e)(5)(A), or are unfounded. Although the Court's February 28, 2025 Order set a deadline of May 9, 2025, for class member objections, which deadline was later extended to September 22, 2025, the Court has reviewed and considered any objections received after that date.

**III.    ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    Unless otherwise stated, the terms in this Order have the meaning set forth in the Agreement.

2.    The Court hereby certifies the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).

3.    The Court hereby appoints Plaintiff Wylene Lena Hinkle, Plaintiff Dennis Gassaway, and the California Council of the Blind as Settlement Class representatives.

4.    The Court hereby appoints Disability Rights Advocates, Disability Rights California, and Disability Rights Education and Defense Fund Plaintiffs' attorneys of record, as Class Counsel.

5.    The Parties' Joint Motion for Final Approval of the Agreement, attached as Exhibit 1 to the Declaration of Autumn Elliott in Support of the Parties' Joint Motion for Preliminary Approval (ECF No. 83-3), is GRANTED.

6.    Plaintiffs' Motion for an Award of Reasonable Attorneys' Fees and Costs is GRANTED.  Defendants are directed to pay Plaintiffs' counsel the amount of $1,550,000 within sixty (60) days of the date of the instant order.

//

//

//

802727.1

*Hinkle, et al. v. Baass et al.*, Case No. 3:18-cv-06430-MMC
**[Proposed] Order Granting Final Approval of Class Settlement**    11

1    7.    The Court will retain jurisdiction of this matter during the term of the Agreement

2    for the purpose of enforcement thereof.

3

4    **IT IS SO ORDERED.**

5

6    Dated: October 3, 2025

7    Honorable Maxine M. Chesney
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

802727.1